UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIE BOLSHAKOV, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | No. 1:23-cv-10714<br><br>**COMPLAINT FOR VIOLATION OF FAIR LABOR STANDARDS ACT AND NEW YORK LABOR LAW**<br><br><u>**JURY TRIAL DEMANDED**</u> |

Plaintiff Julie Bolshakov ("Plaintiff"), by her undersigned counsel, alleges the following which is based on personal knowledge and the investigation of counsel:

### NATURE OF THE ACTION

1. This action is brought against defendant Bank of America, N.A. ("Bank of America" or "Defendant") on behalf of Mortgage Loan Officers ("Mortgage Loan Officers" or the "Employees") as a nationwide collective action under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* (the "FLSA") for failure to pay overtime, and a class action under the New York Labor Law (the "NYLL") for failure to pay overtime and for failure to provide compliant initial pay notifications and pay statements pursuant to NYLL §195(1) and 195(3).

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b). This Court has jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this District because the events giving rise to Plaintiff's claims occurred in this District, including but not limited to the employment of Plaintiff and the Class/Collective.

## THE PARTIES

4. Plaintiff worked for Defendant at its Manhattan office, and at branches in Manhattan, as a Mortgage Loan Officer from December 31, 2018 through July 13, 2021. At all times, Plaintiff was a non-exempt employee who was not paid for all hours worked including hours over 40 in a work week. Plaintiff received an inaccurate initial pay notification pursuant to NYLL §195(1) that failed to state Plaintiff's regular and overtime hourly rates. Plaintiff's pay statements, provided by Defendant pursuant to NYLL §195(3), were noncompliant because they failed to accurately state the number of regular and overtime hours Plaintiff worked. Plaintiff's written consent to bring FLSA claims, pursuant to 29 U.S.C. §256, is attached hereto as Exhibit A.

5. Defendant Bank of America is a multinational investment bank and financial services holding company that is headquartered in Charlotte, North Carolina with investment banking and auxiliary headquarters in Manhattan. Defendant employs Mortgage Loan Officers throughout the country.

## COLLECTIVE ALLEGATIONS

6. Plaintiff brings the First Count as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. §216(b) on behalf of himself and other similarly situated Mortgage Loan Officers (the "Collective"), which includes:

> All persons employed by Defendant in the United States as Mortgage Loan Officers from December 8, 2020 through the date the Court orders notice to be sent in accordance with Section 216(b) of the FLSA (the "FLSA Class Period").

7. Defendant is liable under the FLSA for, *inter alia*, failing to compensate Plaintiff and the Collective. There are hundreds of similarly situated current and former employees of Defendant who have been denied overtime pay in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records that Defendant is required to create and maintain under applicable federal and state law. Notice should be sent to the Collective pursuant to 29 U.S.C. §216(b).

## **CLASS ACTION ALLEGATIONS**

8. Plaintiff brings the second, third and fourth counts as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of the following class of Mortgage Loan Officers (the "NYLL Class" or the "Class"):

> All persons employed by Defendant in the State of New York as Mortgage Loan Officers from December 8, 2017 through the date a judgment is entered in this action.

9. Members of the Class are so numerous that joinder of all members would be impracticable. There are hundreds of members of the NYLL Class.

10. Questions of law and fact are common to all the members of the NYLL Class and predominate over any questions affecting only individual members. The following uniform questions, among others, apply to the Class:

    a. Whether Plaintiff and the Class were unpaid for all straight time hours worked in a work week;

    b. Whether Plaintiff and the Class were unpaid for all hours worked over 40 in a work week;

      c. Whether Defendant's failure to pay the Class for all hours worked is a common policy;

      d. Whether Defendant's initial pay notifications pursuant to NYLL §195(1) were inaccurate and failed to contain all required information;

      e. Whether Defendant's pay statements pursuant to NYLL §195(3) were inaccurate and failed to contain all required information;

      f. Whether Plaintiff and the Class are entitled to statutory damages for failure to provide inaccurate pay information pursuant to NYLL §195;

      g. The extent to which Plaintiff and the Class were damaged; and

      h. Whether Plaintiff and the Class are entitled to liquidated damages.

11. The claims of Plaintiff are typical of the claims of the members of the Class. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

12. Plaintiff will protect the interests of the Class fairly and adequately, and Plaintiff has retained attorneys experienced in class action litigation.

13. A class action is superior to all other available methods for this controversy because:

      a. The prosecution of separate actions by the members of the Class would create a risk of adjudications with respect to individual members of the Class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

b. The prosecution of separate actions by the members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, which would establish incompatible standards of conduct for defendant;

c. Defendant acted or refused to act on grounds generally applicable to the Class; and questions of law and fact common to members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

d. Employees who are currently employed by Defendant are likely to fear retaliation and/or the loss of their employment, and thus will not commence their own actions.

## **SUBSTANTIVE ALLEGATIONS**

14. Plaintiff and the Employees are non-exempt employees working in the State of New York and throughout the United States.

15. The Employees sell, process, or otherwise facilitate the sale of Bank of America's mortgage and other loan products to consumers.

16. The Employees are paid on commission and are paid a draw.

17. The Employees are misclassified as exempt employees, but they do not fit within any exemption of the FLSA or the NYLL.

18. Upon hiring, the Employees are given an initial pay notice, pursuant to NYLL §195(1), that incorrectly states they are exempt from the overtime requirements of the NYLL and/or the FLSA and does not state a regular hourly rate or an overtime hourly rate as required by NYLL §195(1).

19. The Employees regularly work over 40 hours per week, often working up to 60 hours per week.

20. Despite working up to 60 hours per week, the Employees are not paid at 1.5 times their hourly rate for hours worked over 40, thus violating the FLSA and the NYLL.

21. Defendant knows or should know that the Employees are working over 40 hours per week because Defendant extensively monitors the Employees' work. In addition, the Employees are required to log on to Defendant's systems to perform most or all of their work, and the Employees communicate with customers and co-workers via email and phone thus creating indisputable records of the times the Employees worked and conclusively showing that the Employees are working significantly more than 40 hours per week.

22. Defendant does not keep time records showing the hours worked by the Employees.

23. Pursuant to NYLL §195(3), the Employees are entitled to a statement with each payment setting forth, among other things, the number of regular and overtime hours worked. Defendant's pay statements do not comply with NYLL §195(3) because they do not state the number of regular and overtime hours worked by the Employees.

24. Defendant's disclosure failures in violation of NYLL §195(1) and (3) have deprived Plaintiff and the NYLL Class of the ability to know exactly how much compensation they were entitled to and led to the underpayment of wages as alleged herein. Defendant's §195(1) initial pay statement's direct statement or implication that Plaintiff and the NYLL Class were exempt, and its failure to notify the Employees of their regular and overtime hourly rates, led Plaintiff and the NYLL Class to believe that they should not have been paid hourly and that they were not entitled to overtime, when in fact they were. Defendant's failure to include the number of hours worked on the pay statements of the NYLL Class, and Defendant's payment of commission only rather than hourly pay, deprived the NYLL Class of the ability to know what hours they worked or were being paid for, and accordingly how much compensation they were entitled to, thus resulting in

the underpayment of wages. As a result of the underpayment of wages, which was caused in whole or in part by Defendant's violations of NYLL §195(1) and (3), Plaintiff and the Employees have lost the time value of the money they are owed and Defendant has retained those funds and profited therefrom.

## **COUNT I**

**Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*: Failure to Pay Overtime**
**(Brought on Behalf of Plaintiff and the Collective)**

30. Plaintiff incorporates and realleges all of the preceding paragraphs as if they were fully set forth herein.

31. During the FLSA Class Period, Plaintiff and others similarly situated were "employees" of Defendant within the meaning of the FLSA, 29 U.S.C. §203(e) and (g).

32. At all relevant times, Defendant has been an "employer" engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §203.

33. At all relevant times, Defendant's business has had annual gross revenues in excess of $500,000.

34. Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. §216(b). Plaintiff's written consent is attached hereto as Exhibit A and incorporated by reference.

35. During the FLSA Class Period, Defendant failed to pay Plaintiff and the Class at overtime rates for all hours worked over 40 in a work week.

36. Defendant's unlawful conduct, as described above, was willful and intentional and/or was not in good faith. Defendant knew or should have known that the practices complained of herein were unlawful. Defendant knew or should have known that Plaintiff and the Collective were working over 40 hours per week and were not being paid at overtime rates for all such hours.

37. Defendant has not made a good faith effort to comply with the FSLA with respect to the compensation of Plaintiff and others similarly situated.

38. Because Defendant's violations of the FSLA have been willful, a three-year statute of limitations applies, pursuant to the FLSA, 29 U.S.C. §255(a).

39. Due to Defendant's violations of the FLSA, Plaintiff and the Collective are entitled to recover from Defendant their unpaid wages, liquidated damages in the amount of 100% of their unpaid wages, reasonable attorneys' fees, costs and expenses, and pre-judgment and post-judgment interest.

**COUNT II**

**New York Labor Law, Article 6 and Article 19: Failure to Pay Overtime**
**(Brought on Behalf of Plaintiff and the NYLL Class)**

40. Plaintiff incorporates and realleges all of the preceding paragraphs as if they were fully set forth herein.

41. The New York Labor Law requires that employers pay non-exempt employees 1.5 times their hourly rate for hours worked over 40 in a work week.

42. Defendant failed to pay Plaintiff and the NYLL Class for hours worked over 40 in a work week.

43. Defendant has not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff and others similarly situated.

44. Accordingly, Plaintiff and the Class are entitled to liquidated damages in the amount of 100% of their unpaid wages, reasonable attorneys' fees, costs and expenses, and pre-judgment and post-judgment interest.

## COUNT III

**New York Labor Law Section 195(1)**
**(Brought on Behalf of Plaintiff and the NYLL Class)**

45. Plaintiff incorporates and realleges all of the preceding paragraphs as if they were fully set forth herein.

46. New York Labor Law §195(1) requires an employer to include the regular hourly rate, and the overtime hourly rate, in an initial pay notification for non-exempt employees.

47. Defendant's initial pay notifications failed to comply with NYLL §195(1) because they did not state the regular and overtime hourly rates of Plaintiff and the NYLL Class.

48. As a result of Defendant's violation of NYLL §195(1), Plaintiff and the NYLL Class are entitled to $5,000 in statutory damages, plus reasonable attorneys' fees, costs and expenses.

## COUNT IV

**New York Labor Law Section 195(3)**
**(Brought on Behalf of Plaintiff and the NYLL Class)**

49. Plaintiff incorporates and realleges all of the preceding paragraphs as if they were fully set forth herein.

50. New York Labor Law §195(3) requires that the employer provide a statement with each payment to an employee setting out, among other things, the number of regular and overtime hours worked by the employee.

51. Defendant's pay stubs did not comply with NYLL §195(3) because the pay stubs did not show the number of regular and overtime hours worked by Plaintiff and the NYLL Class.

52. As a result of Defendant's violation of NYLL §195(3), Plaintiff and the NYLL Class are entitled to $5,000 in statutory damages, plus reasonable attorneys' fees, costs and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court grant Plaintiff and the Employees the following relief:

A. An order certifying this case as a collective action for the violations of the FLSA, as it pertains to the First claim under 29 U.S.C. §216(b) for the class of employees described herein and permitting Plaintiff to send a notice to the Collective described herein;

B. An order certifying this case as a class action for violations of the NYLL as it pertains to the Second, Third and Fourth claims under Federal Rule of Civil Procedure 23 (a) and (b)(3) for the class of employees described herein, appointing Plaintiff as Class Representative, and appointing Plaintiff's counsel as Class Counsel;

C. Award Plaintiff and the Class all statutory damages, compensatory damages, punitive damages, liquidated damages, pre-judgment interest, post-judgment interest, and any other damages that may be just and proper;

D. Award Plaintiff and the Class their reasonable attorneys' fees, costs and expenses as authorized by law; and

E. Grant in favor of Plaintiff and the Class such other relief as may be just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all claims for which a jury is available.

DATED: December 8, 2023  **GARDY & NOTIS, LLP**

By: s/Orin Kurtz, Esq.

Orin Kurtz, Esq.
150 East 52nd Street, 11th Floor
New York, New York 10022
Tel: (212) 905-0509
Fax: (212) 905-0508
[okurtz@gardylaw.com](mailto:okurtz@gardylaw.com)

Thomas Wiggin P.C.
Thomas Wiggin, Esq.
450 Seventh Avenue, Suite 1304
New York, NY 10123
Tel: (917) 847-7609
thomas@wigginpc.com

*Attorneys for Plaintiff*